NUMBER 13-06-00627-CR



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


OTIS PERRY, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 



On appeal from the 24th District Court


of Goliad County, Texas.


 


MEMORANDUM OPINION
 


Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Garza


 Appellant, Otis Perry, was indicted by a Goliad County grand jury on March 8, 2005
for the offense of murder. See Tex. Penal Code Ann. § 19.02 (Vernon 2003). Following
a jury verdict on October 24, 2005 finding Perry incompetent to stand trial, the trial court
ordered that Perry be committed to the maximum security unit of North Texas State
Hospital-Vernon "for a period not to exceed 120 days[,] to be confined therein for further
examination and treatment toward the specific objective of attaining competency." See
Tex. Code Crim. Proc. Ann. art. 46B.073 (Vernon Supp. 2007). The record reflects that
Perry was subsequently determined to have attained competency to stand trial. See id.
arts. 46B.079(b)(1) (Vernon Supp. 2007) (providing that the head of the mental health
facility to which defendant is committed shall notify the trial court upon finding that the
defendant has attained competency to stand trial), 46B.081 (Vernon Supp. 2007)
(providing that the defendant shall be returned to court as soon as practicable after notice
of competency is provided to the court under article 46B.079).

 After trial, a jury found Perry guilty on October 25, 2006 of the lesser included
offense of manslaughter, a second-degree felony. See Tex. Penal Code Ann. § 19.04
(Vernon 2003). The jury assessed punishment at twenty years' confinement in the Texas
Department of Criminal Justice-Institutional Division along with a $5,000 fine. Perry now
appeals the judgment of the trial court. We affirm.

I. Anders Brief

 Perry's court-appointed appellate counsel has filed an Anders brief with this Court,
in which she states that she has reviewed the record and concludes that only one possible
issue exists for appeal. See Anders v. California, 386 U.S. 738 (1967). Counsel
concludes, however, that the issue lacks merit and that any appeal in this case would be
frivolous. See id. Counsel's brief meets the requirements of Anders, as it presents a
professional evaluation showing why there are no arguable grounds for advancing an
appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel
has carefully discussed why, under controlling authority, there are no errors in the trial
court's judgment. Counsel has informed this Court that she has (1) examined the record
and has found no arguable grounds to advance on appeal, (2) served a copy of the brief
on appellant, and (3) informed appellant of his right to review the record and to file a pro
se brief. See Anders, 386 U.S. at 744; see also Stafford, 813 S.W.2d at 509-10. No pro
se brief has been filed.


II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous
and without merit. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues
raised in the brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); Stafford, 813
S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Perry's appellate attorney has asked permission to
withdraw as counsel. See Anders, 386 U.S. at 744. We grant her motion to withdraw. We
further order counsel to notify Perry of the disposition of this appeal and the availability of
discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per
curiam).



 

 DORI CONTRERAS GARZA,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 29th day of May, 2008.